UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | **DOCKET NO. 21-cv-2238** |
| REG. # 05711-068 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Frederick Banks on November 23, 2020, was originally filed in in the Eastern District of Louisiana. Doc. 1. On December 3, 2020, Banks filed an amended petition, on proper forms. Doc. 3. That court, considering the petition (doc. 3) and finding that venue was improper because petitioner was neither housed in the Eastern District of Louisiana nor convicted or sentenced there, transferred the case to this Court. Doc. 16.

Banks is an inmate in the custody of the Bureau of Prisons ("BOP") and, at the time of filing the instant suit, was incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

**I.**
**BACKGROUND**

The petition before this Court raises three claims: (1) Respondents caused petitioner to be exposed to Covid-19; (2) Respondents unlawfully restricted petitioner's access to the TRULINK e-mail system; and (3) Respondents obstructed the administrative remedy process. Doc. 3.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

The instant petition is does not challenge the manner in which Banks' sentence is being executed; rather, it challenges the conditions of his confinement.

"Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239

F. App'x 85, 85-86 (5th Cir. 2007). "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. *Davis v. Fechtel,* 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement." *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020).

Here, Petitioner's conditions-of-confinement claims are clearly unrelated to the cause of his detention. Thus, the Court should deny same.

If Banks desires to pursue a civil rights action, he must file a separate proceeding, utilizing the appropriate complaint form. He should be cognizant that, to file a separate civil rights proceeding, he must either pay the requisite filing fee or submit a properly executed application to proceed in forma pauperis.  Petitioner should likewise be cognizant that he must exhaust all available administrative remedies before pursuing relief here for his conditions-of-confinement claim.

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the petition before this Court be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.

    THUS DONE AND SIGNED in Chambers this 19th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE